FILED
2019 Oct-28 PM 03:17
U.S. DISTRICT COURT
N.D. OF ALABAMA

Exhibit 3

IN THE UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION
CIVIL DIVISION

| | | |
|---|---|---|
| Devante Orr, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Civil Action No. 2:19-cv-01457-SGC |
| | ) | |
| United Parcel Service, | ) | |
| | ) | |
| Defendant, | ) | |

## AMENDED COMPLAINT

**COMES NOW** Plaintiff, Devante Orr, by and through undersigned counsel and hereby amends his Complaint against United Parcel Service (hereinafter "Defendant"). Plaintiff realleges and affirms all allegations and claims of his original Complaint and incorporates additional allegations herein. In Support of the relief requested herein, Plaintiff alleges the following upon personal knowledge and information and belief:

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. This is a suit authorized and instituted pursuant to Title VII of the Act of Congress known as the "Civil Rights Act of 1964," 42 U.S.C. Section 2000e

1

et seq., amended by the Civil Rights Act of 1991, 42 U.S.C. Section 1981a, which provides relief against race discrimination and retaliation.

2. Plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII, Plaintiff filed his charge with the Equal Employment Opportunity Commission (the "EEOC") on March 14th, 2019 (Attached as Exhibit 1), and that agency has issued a right to sue on March 14th, 2019 (Attached as Exhibit 2).

## JURISDICTION AND VENUE

3. This Court has Subject Matter jurisdiction over this cause of action pursuant to 28 U.S.C. § § 1331, 28 U.S.C. § § 1332, 28 U.S.C. § § 1343, and 42 U.S.C. § 2000e et. seq.,

4. This action is brought within the judicial district wherein the unlawful employment practices were committed, making venue proper under 28 U.S.C. § 1391(b).

## PARTIES

5. Plaintiff, Davante Orr, is an adult black male of more than nineteen (19) years of age. He is a resident of the State of Alabama and this judicial district. He was an employee of the Defendant from November 15th, 2015 to December 20th, 2018.

2

6. Defendant, United Parcel Service, does business and operates in Alabama on a daily basis. Plaintiff worked for Defendant from November 15th, 2015 to December 20th, 2018. Defendant meets the jurisdictional prerequisites of Title VII.

## PROCEDURAL HISTORY

7. Plaintiff filed complaint *pro se* in Circuit Court of Jefferson County, Alabama on June 12th, 2019. The court designated the case as Civil Action No. CV-201900233.

8. Defendant filed a removal of the case to the United States District Court of Northern Alabama on September 3rd, 2019.

9. The Case was assigned to the United States District Court of Northern Alabama on September 3rd, 2019.

## STATEMENT OF FACTS

10. On or about November 18, 2015, Plaintiff began working for Defendant as a Package Hauler at 118 Citation Court, Birmingham Alabama, 35209.

11. Plaintiff did not have any disciplinary history with Defendant regarding attendance prior to December 12, 2018.

12. On or about December 12, 2018, Plaintiff was admitted to University of Alabama at Birmingham (UAB) Highlands Hospital emergency room

3

13. Plaintiff returned to UAB Highlands Hospital on December 13th, 2018 due to shortness of breath as a side effect of the medication he received the previous day.

14. Plaintiff returned to work on December 14th, 2018.

15. Plaintiff presented a doctor's excuse for the two days he was absent from work due to illness to his supervisors Charlie and Steve (last names unknown).

16. Plaintiff's supervisors claimed that the doctor's excuse was fake.

17. In the following days, Plaintiff's work area was cluttered with boxes, making it impossible and unsafe for him to work in that area.

18. On or about December 17th, 2018, Plaintiff found a warning of suspension for absence from work on his truck for the days that he was in the hospital.

19. On or about December 18th, 2018, Plaintiff found a warning of termination for absence from work on his truck for the days that he was in the hospital.

20. On or about December 18th, 2018, Plaintiff lodged a grievance with the on-site union representative about the warnings.

21. On or about December 20th, 2018, Plaintiff arrived at work to again find boxes stacked in his work area.

4

22. Immediately after finding his work area cluttered and unsafe again, Plaintiff went to complain about unsafe work conditions to the onsite union representative.

23. As Plaintiff was returning to work area from speaking with the union representative, his Supervisor saw Plaintiff and asked, "Why the hell aren't you loading?"

24. Before Plaintiff could explain that he went to report an unsafe work area to the union representative, Steve said, "You're fired and you're history to the company. Don't ever come back."

25. Steve then escorted Plaintiff out of the building and while doing so Steve muttered, "nigger."

26. On or about December 20th, 2018, Plaintiff filed for unemployment benefits.

27. On or about January 3rd, 2019, Plaintiff received a letter from Defendant requesting that he come back into work even though he has already been terminated.

28. On or about January 20th, 2019, Plaintiff filed a charge of race discrimination against Defendant with the U.S. Equal Employment Opportunity Commission (referred to hereinafter as "EEOC").

29. On or about March 14th, 2019, the EEOC gave Plaintiff the right to sue Defendant.

## CAUSES OF ACTION

## TITLE VII – RACE DISCRIMINATION

30. Plaintiff adopts and re-alleges all paragraphs set forth above as if fully set forth herein.

31. Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e et. seq., as amended by the Civil Rights Act of 1991, (hereinafter "Title VII") makes it unlawful "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race."

32. Title VII also makes it "an unlawful employment practice for any employer . . . to discriminate against any individual because of his race ... in admission to, or employment in, any program established to provide apprenticeship or other training."

33. Plaintiff is a black male who has been treated differently by Defendant than his white counterparts.

6

34. Plaintiff was accused of lying about reasons for being absent from work despite having a doctor's excuse for work days missed.

35. Plaintiff's work area was cluttered with box in an unsafe and impossible for him to work.

36. Plaintiff was improperly provided warnings of suspension and termination for days missed which were excused by a doctor's excuse by leaving copies of same on his truck in the parking lot.

37. Plaintiff was fired by supervisors for missing days for which plaintiff had a doctor's excuse.

38. Plaintiff Supervisor said, "nigger" while escorting Plaintiff out of building after termination.

39. Plaintiff's white counterparts with far worse attendance issues were given no or less severe discipline.

40. Plaintiff was terminated by defendant and its agents because of his race.

41. All of the above discriminatory actions in violation of Title VII were taken under the supervision of Defendant. Defendant allowed the unlawful discriminatory behavior and termination on the basis of race to go un-remedied, allowing an atmosphere of race discrimination as an acceptable employment practice.

42. As a result of the willful actions of the Defendant and its agent, and as a proximate cause thereof, Plaintiff has been and continues to be denied his right to equal employment opportunity.

**WHEREFORE**, Plaintiff requests this Honorable Court to award declaratory and injunctive relief, pre-judgment interest, attorneys' fees, costs, compensatory damages, lost employment benefits and wages, back pay, front pay, interest, punitive damages, and such other legal or equitable relief to which Plaintiff may be entitled against Defendant.

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**

_/s/ Devante Orr_
Devante Orr, Plaintiff

STATE OF ALABAMA       )
COUNTY OF JEFFERSON    )

I, the undersigned, a Notary Public in and for said County and State, hereby certify that Devante Orr, whose name is signed to the foregoing instrument, did swear to and ascribe as true the contents of the Complaint before me on this day that, being informed of the contents of the instrument, she executed the same voluntarily on the day that same bears date.

Given under my hand this 28th day of October, 2019.

_/s/ Andrea Lanell Thomas_
NOTARY PUBLIC
Commission Expires: 04/06/2023

8

        Respectfully Submitted,

        */s/ Lauren Shine*
        Lauren H. Shine (ASB-3115-A32H)
        Attorney for Plaintiff
        P.O Box 660011
        Birmingham, AL 35266
        Email: shinelaw@gmail.com
        Telephone: 205.847.4804
        Facsimile: 205.870.5741